IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No.  08-MC-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil Action Nos.  05-1509 (RMU) |
| | ) | 05-1602 (RMU) |
| | ) | 05-1704 (RMU) |
| | ) | 05-2370 (RMU) |
| | ) | 05-2398 (RMU) |
| | ) | 08-1310 (RMU) |

_____

**JOINT STATUS REPORT**

Pursuant to the Court's August 19, 2008 Order, undersigned counsel for petitioners and respondents in the above-captioned cases jointly state as follows:

1.    *Whether Factual Returns Are Necessary For Each Of The Petitioners*

a.    *Respondents' Position*

With respect to five petitioners – Huzaifa Parhat (ISN 320), Abdul Semet (ISN 295), Jalal Jalaldin (ISN 285), Khalid Ali (ISN 280), Sabir Osman (ISN 282) – respondents have determined that further litigation over petitioners' status is unnecessary and, therefore, factual returns are not necessary.  For these petitioners, remedy is the only outstanding issue.

As to the remaining twelve petitioners, respondents are in the process of completing a comprehensive review of their information to determine, in light of *Parhat v. Gates*, __ F.3d __, 2008 WL 2576977 (D.C. Cir. 2008), *rhg. pet. pending* (filed August 4, 2008), whether they should be treated the same as the other five petitioners.  Respondents anticipate this review will be completed by the deadline for the submission of the first batch of factual returns in these cases (*see infra* section 2).  In the event that respondents determine that further litigation over these petitioners' status is unnecessary, respondents will notify the Court.  If such a decision is

not made, respondents will file factual returns in accordance with the schedule set out below.

        2.     *The Date Each Factual Return (or Amended Return) Is Due*

                a.     *Respondents' Position*

As noted above, with respect to five petitioners – Huzaifa Parhat (ISN 320), Abdul Semet (ISN 295), Jalal Jalaldin (ISN 285), Khalid Ali (ISN 280), Sabir Osman (ISN 282) – respondents have determined that further litigation over petitioners' status is unnecessary and respondents will not file factual returns for these petitioners.[1]

For the remaining twelve petitioners, consistent with the schedule established by Judge Hogan's July 11, 2008 Order in 08-MC-442 (TFH),[2] and recognizing that Judge Hogan's Order allows for adjustment to the sequencing of factual returns,[3] the schedule for production of factual returns that respondents intend to follow, should factual returns be necessary, is as follows:

---

[1] Had respondents not decided that further litigation was unnecessary for the five petitioners listed above, factual returns for those petitioners would have been due on September 30.

[2] Judge Hogan's July 11 Order was entered in all of the above-captioned cases except *Razakah v. Bush*, 05-CV-2370. *Razakah* was excluded from Judge Hogan's July 11 Order because the case was originally assigned to Judge Sullivan, who has retained the Guantanamo Bay cases originally assigned to him, but has since reassigned *Razakah* to this Court's docket. For this reason, no schedule has been established for the production of factual returns in *Razakah*. The chart listed above assumes application of Judge Hogan's factual return schedule to the *Razakah* case.

[3] Even without any adjustments, none of the returns for the petitioners in these cases would be due before the end of September.

| Name | ISN | Civil Action Number | Date Factual Return Due |
|------|-----|---------------------|-------------------------|
| Abdul Sabour | 275 | 05-1509 | September 30 |
| Abdul Nasser | 278 | 05-1509 | September 30 |
| Hammad Memet | 328 | 05-1509 | September 30 |
| Edham Mamet | 102 | 05-1602 | September 30 |
| Arkin Mahmud | 103 | 05-1704 | September 30 |
| Bahtiyar Mahnut | 277 | 05-1704 | September 30 |
| Ahmad Tourson | 201 | 05-2370 | October 31 |
| Abdur Razakah | 219 | 05-2370 | October 31 |
| Anwar Hassan | 250 | 05-2398 | October 31 |
| Dawut Abdurehim | 289 | 05-2398 | October 31 |
| Abdul Ghappar Abdul Rahman | 281 | 08-1310 | October 31 |
| Adel Noori | 584 | 08-1310 | October 31 |

3.    *The Efforts Undertaken By Respondents To Resettle Petitioners*

Submitted to the Court Security Officers as Exhibit 1 is the classified declaration of Ambassador Clint Williamson, Ambassador At Large For War Crimes Issues.  The declaration describes the Department of State's efforts to pursue resettlement options for petitioners and specifically addresses the point as to which the Court directed respondents to give special attention.  The full submission cannot be filed on the public record because it contains classified information.  The full submission is being filed with the Court under seal through the Court Security Office, pursuant to the protective orders entered in the above-captioned cases.  Respondents will also provide a copy of the submission in its entirety to petitioners' counsel at the secure work facility for habeas counsel.

4.    *The Date By Which Respondents Anticipate Transferring Petitioners Parhat, Semet, Jalaldin, Ali, and Osman*

The Court is respectfully referred to Exhibit 1, the declaration of Ambassador Clint Williamson, Ambassador At Large For War Crimes Issues.  As explained therein, although the Department of State is engaged in diligent efforts to resettle the 17 Uighur petitioners, there is not date for resettlement.

5.    *Adequacy of Next-Friend Authorizations*

a.    *Petitioners' Position*:

*See* Exhibit 2.

b.    *Respondents' Position*:

The habeas corpus petitions in these cases were filed in 2005 by putative "next friends" on behalf of the seventeen Uighur petitioners currently seeking relief.  Merits proceedings in these cases should not be permitted to continue on the basis of the originally-filed next friend authorizations because those authorizations do not meet the legal standard for next-fried standing set forth by the Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).  Next friend standing is not automatically granted to anyone who seeks to pursue an action behalf of another person.  *See id.* at 163.  To obtain next friend standing, the purported next friend must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in *Whitmore*: (1) "provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) have a significant relationship with the petitioner in order to demonstrate that he is truly dedicated to the petitioner's best interests.  *Id.* at 163-64.

Petitioners cannot satisfy the first prong of the *Whitmore* test because they have not provided an adequate explanation why the petitioners seeking relief cannot now appear on their own behalf. Since the protective orders were entered in these cases, petitioners' counsel have had the opportunity to visit petitioners at Guantanamo Bay on numerous occasions. Indeed, this Court in *Kiyemba v. Bush*, ordered that petitioners' counsel be permitted to visit Guantanamo for the very purpose of obtaining a direct authorization from the petitioners seeking relief. *See Kiyemba v. Bush*, 05-CV-1509 (RMU) (dkt. No. 82) (Aug. 7, 2008). Consequently, there can be no argument that petitioners' counsel are not in a position to provide this Court with direct authorizations from the petitioners that establishes their consent to these cases proceeding, if they, in fact, have given such consent.

Furthermore, with the exception of petitioner Edham Mamet (ISN 102), whose brother is serving as his next-friend, the other sixteen petitioners also cannot establish that their putative next friends – two former Guantanamo Bay detainees – have a significant relationship with the petitioners. The requirement of a "significant relationship" with the real party in interest is necessary to ensure that a next friend will genuinely pursue the interests of the person in custody (who at all times remains the real party in interest) and will not (1) merely use the litigation as a vehicle for advancing his own agenda or (2) assume he or she is in tune with the real party's desires and interests. *See Whitmore*, 195 U.S. a 164 (cautioning against "intruders or uninvited meddlers" filing lawsuits on behalf of unwitting strangers). For this reason, courts have generally limited next friend standing to close relatives such as parents, siblings, and spouses. *See, e.g., Vargas v. Lambert*, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); *Smith ex rel. Missouri Pub. Defender Common v. Armontrout*, 812 F.2d 1050 (8th Cir. 1987) (brother).

Dated: August 19, 2008                    Respectfully submitted,

                                          GREGORY G. KATSAS
                                          Assistant Attorney General

                                          JOHN C. O'QUINN
                                          Deputy Assistant Attorney General

                                           _/S/ Andrew I. Warden_____
                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                          JUDRY L. SUBAR (D.C. Bar No. 347518)
                                          TERRY M. HENRY
                                          ANDREW I. WARDEN (IN Bar No. 23840-49)
                                          Attorneys
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Ave., N.W.
                                          Washington, DC  20530
                                          Tel:  (202) 616-5084
                                          Fax:  (202) 616-8470

                                          Attorneys for Respondents

                                          *************


                                          Susan Baker Manning
                                          BINGHAM McCUTCHEN LLP
                                          2020 K Street NW
                                          Washington, DC  20006
                                          Telephone:  (202) 373-6000
                                          Facsimile:  (202) 373-6001

                                          Sabin Willett (Pursuant to LCvR 83.2(g))
                                          Neil McGaraghan (Pursuant to LCvR 83.2(g))
                                          Rheba Rutkowski (Pursuant to LCvR 83.2(g))
                                          Jason S. Pinney (Pursuant to LCvR 83.2(g))
                                          BINGHAM McCUTCHEN LLP
                                          One Federal Street
                                          Boston, Massachusetts  02110
                                          Telephone:  (617) 951-8000
                                          Facsimile:  (617) 951-8736

                                          *Counsel for Petitioners Abdul Nasser, Abdul*

*Sabour, Abdul Semet, Hammad Memet, Huzaifa
Parhat, Jalal Jalaldin, Khalid Ali, Sabir Osman
and Edham Mamet*

George Clarke
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC  20005
Telephone:  (202) 626-1573
Facsimile:  (703) 598-5121

*Counsel for Petitioners Anwar Hassan and
Dawut Abdurehim*

Eric A. Tirschwell (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
Darren LaVerne (Pursuant to LCvR 83.2(g))
Seema Saifee (Pursuant to LCvR 83.2(g))
KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to Petitioners Abdur Razakah, Ahmad
Tourson, Abdul Ghappar Abdul Rahman and Adel
Noori*

Elizabeth P. Gilson (Pursuant to LCvR 83.2(g))
383 Orange Street
New Haven, Connecticut  06511
Telephone:  (203) 777-4050
Facsimile:  (203) 787-3259

*Counsel for Petitioners Bahtiyar Mahnut and Arkin
Mahmud*

J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York  10012
Telephone:  (212) 614-6464

-7-

Facsimile: (212) 614-6499

*Counsel for All Petitioners*

# EXHIBIT 2

I.      **Petitioners' Response to the Court's
        August 19, 2008 Minute Order**

The *habeas corpus* petition of Petitioners Abdul Nasser (ISN 278), Abdul Sabour

(ISN 275), Abdul Semet (ISN 295), Hammad Memet (ISN 328), Huzaifa Parhat (ISN 320), Jalal

Jalaldin (ISN 285), Khalid Ali (ISN 280) and Sabir Osman (ISN 282) was originally filed

pursuant to a Next Friend Authorization executed on March 10, 2005 by fellow Guantánamo

prisoner Jamal Kiyemba.  (attached herewith as Exh. A).   The *habeas* petition of Petitioner

Edham Mamet (ISN 102) was originally filed pursuant to a Next Friend Authorization executed

on August 2, 2005 by Petitioner Mamet's brother Ibrahim Mamet.  (attached herewith as Exh.

B).  The *habeas* petitions of Petitioners Bahtiyar Mahnut (ISN 277), Arkin Mahmud (ISN 103),

Abdur Razakah (ISN 219), Ahmad Tourson (ISN 201), Anwar Hassan (ISN 250), Dawut

Abdurehim (ISN 289), Abdul Ghappar Abdul Rahman (ISN 281) and Adel Noori (ISN 584)

were originally filed pursuant to a Next Friend Authorization executed on May 1, 2005 by fellow

Guantánamo prisoner Usama Hasan Abu Kabir.  (attached herewith as Exh. C).[1]

Subsequent to the filing of their *habeas* petition, Petitioners Huzaifa Parhat,

Abdul Semet, Sabir Osman and Abdul Ghappar Abdul Rahman provided their counsel with

direct written authorization to pursue their actions.  Petitioners Parhat, Semet, Osman and Abdul

Rahman will filed these authorizations with the Court on or before September 29, 2008 pursuant

to Judge Hogan's July 29, 2008 Order, *see In re Guantanamo Bay Detainee Litigation*, July 29,

2008 Order (Misc. No. 08-442) at 2 (dkt. no. 210) (the "July 29, 2008 Order"), or on such date as

this Court may direct.

---

[1]     Petitioner Bahtiyar Mahnut's petition is further authorized by an additional oral Next
        Friend Authorization provided by Petitioner Mahnut's brother and fellow Petitioner
        Arkin Mahmud to counsel during a client meeting with Petitioner Mahmud.

Subsequent to the filing of their *habeas* petitions, Petitioners Abdul Nasser, Hammad Memet, Jalal Jalaldin, Khalid Ali, Arkin Mahmud, Ahmad Tourson, Anwar Hassan, Dawut Abdurehim and Adel Noori provided their counsel with direct oral authorization to pursue their actions. Petitioners Nasser, Memet, Jalaldin, Ali, Mahmud, Hassan, Abdurehim and Noori will file affidavits attesting to these authorizations with the Court on or before September 29, 2008 pursuant to the July 29, 2008 Order, or on such date as this Court may direct. Petitioner Tourson will file an affidavit attesting to his authorization with the Court on or before October 17, 2008 pursuant to Judge Hogan's August 19, 2008 Order, *see In re Guantanamo Bay Detainee Litigation*, Aug. 19, 2008 Minute Order (Misc. No. 08-442) (the "August 19, 2008 Order"), or on such date as this Court may direct.

Petitioners Abdul Sabour, Edham Mamet, Bahtiyar Mahnut and Abdur Razakah have thus far declined to meet with their counsel. However, none of these Petitioners have stated to counsel in writing or otherwise that they do not wish counsel to advocate for their release from Guantánamo. Counsel will continue to exercise best efforts to secure direct authorizations from these Petitioners and will advise the Court as to status of these efforts with respect to Petitioners Sabour, Mamet and Mahnut on or before September 29, 2008 pursuant to the July 29, 2008 Order, and with respect to Petitioner Razakah on or before October 17, 2008 pursuant to the August 19, 2008 Order, or on such date as this Court may direct.

Additionally, Petitioners Sabour, Mamet, Mahnut and Razakah note that they have provided the Court with Next Friend Authorizations pursuant to which their respective *habeas* petitions were brought in accordance with Respondents' own procedures in securing a next friend to represent them, and accordingly, these authorizations are sufficient and valid. Following the decisions in *Rasul v. Bush,* 542 U.S. 466 (2004) and *Hamdi v. Rumsfeld,* 542 U.S.

507 (2004), the government began to notify detainees of their right to challenge the legality of

their detention by filing *habeas corpus* petitions in federal court. The government provided each

detainee with written notice, which reads in pertinent part:

> You may ask a civilian judge to look at the lawfulness of your
> detention through a process called a *petition for a writ of habeas
> corpus.* You **may ask a friend** or family member or a lawyer to
> file such a petition with the court. If you do not have a lawyer or a
> family member **or a friend** who could file this petition for you,
> you may file your own petition. (Emphasis added.)

Attachment A to the Declaration of Frank Schweigart dated August 31, 2005, filed as Exhibit B

to the government's Motion to Show Cause Why Case Should Not Be Dismissed for Lack of

Proper Next Friend Standing, filed, in (among other cases) *Kabir v. Bush*, 05-cv-1704.

Thus, the government explicitly recognized that a next friend petition is a valid

option. It is significant that the Notice does not explain what a *petition for writ of habeas corpus*

is, let alone how detainees should go about obtaining a lawyer. Obviously, asking a friend, the

first option offered by the government, was the only route available to a detainee cut off from

family and ignorant of the law.

Counsel anticipate that they may not be able to obtain further direct written

authorizations because these men are wary of signing any documents. After nearly seven years

of confinement under cruel conditions, and after many false assurances of imminent release, the

men exhibit signs of paranoia, are mistrustful of the court system and typically decline to sign

anything in writing. In addition, the refusal of some men to meet with counsel is typical of

prisoners on death-row or other dire circumstances where a man is given few options or choices.

In those cases, according to counsel familiar with such prisoners, the man will occasionally

refuse counsel, or will fire counsel, because it is one of the few choices that he can freely make.

Of course, such an action demonstrates that the client is not able to make proper or reasonable choices.

Counsel would welcome the opportunity to supplement their response to Court's August 19, 2008 Order.

# EXHIBIT A

AUTHORIZATION & NOTIFICATION

I, JAMAL KIYEMBA (#701), UNDERSTAND THE LEGAL TERM "NEXT FRIEND" AND FIRMLY BELIEVE THAT THE FOLLOWING PEOPLE (AS ATTACHED), WHO I HAVE COME TO KNOW DURING MY CAPTIVITY SINCE MARCH 2002, WANT ME TO ACT AS THEIR "NEXT FRIEND" AND AUTHORIZE CLIVE STAFFORD SMITH TO SEEK ANY LEGAL REDRESS ON THEIR BEHALF THAT IS POSSIBLE, AND I SO AUTHORIZE HIM. I ALSO SUBMIT THIS DOCUMENT AS EVIDENCE, INDEPENDENT OF THEIR RELIANCE UPON ME AS "NEXT FRIEND", OF THEIR SPECIFIC DESIRE FOR A LAWYER AND FOR A LEGAL CHALLENGE TO THE ILLEGALITY OF THEIR DETENTION BY THE UNITED STATES OF AMERICA.

THIS AUTHORIZATION & NOTIFICATION APPLIES TO ALL PERSONS LISTED ON THE ATTACHED LISTS, AS INITIALED BY ME.

MARCH 10ᵗʰ, 2005.

*(signature)* Kiyemba

FOUO

| # | Name | Country | Camp |
|---|------|---------|------|
| 1 | ALI | UZBEKISTAN | CAMP I |
| 2 | ABDULLAH | UZBEKISTAN | CAMP I |
| 3 | KHALID | TURKISTAN | CAMP 4 (UIGIUR) |
| 4 | ABDUSALUC | " | " " |
| 5 | ABUSAMAD | " | " " |
| 6 | HAMMAD | " | " " |
| 7 | ABDU NASIR | " | " " |
| 8 | JALAAL | " | " " |
| 9 | BILAL | SYRIAN | CAMP I (ARABIC) |
| 10 | FAISAL | SAUDI | CAMP I " |
| 11 | BANDAR ALJAABIR | " | " " |
| 12 | AHMAD | TURKISTAN | CAMP 4 (UIGUIR) |
| 13 | SAADIQ | " | " |
| 14 | WALIID | SUDAN | CAMP I |
| 15 | HAMMAD | " | CAMP 4 |
| 16 | MAHMOOD | SUDAN | CAMP I |
| 17 | SAIFULLAH | TUNISIAN | CAMP II ITALIAN? ARABIC |
| 18 | YUSUF ASSHIHRI | SAUDI | CAMP III |
| 19 | YUSUF ARIBESH | SAUDI | CAMP I |
| 20 | ABDALLAH | TUNISIAN | CAMP II ITALIAN? |
| 21 | ADIL | TUNISIAN | CAMP IV ITALIAN? |
| 22 | ABU RAWDAH | SYRIAN | CAMP I |
| 13 | SAABIR | TURKISTAN | CAMP IV (UIGUIR |
| 24 | SALIH | TURKISH | CAMP IV |
| 25 | ABU MUHAMMAD | ALGERIAN | CAMP IV (ENG. ARABI) |
| 26 | SALMAN ALBAHRI | SAUDI | CAMP I |
| 27 | JAABIR ALQAM | | CAMP II |

UNCLASSIFIED

J.K.

RIDWAANI ALMASCERI       MOROCCAN

1 FAHD ALIHARAZI         SAUDI

1 FAHD ABU HARSA         YEMENI          CAMP IV   Arabic

· HUDHAIFA               TURKWANI        CAMP I    Urguia

2 ABDURAHMAN (it 41)     YEMENI          CAMP I    Arabic

3 SAFIQ                  ALGERIAN        CAMP I    Arabic

1 NABIL                  ALGERIAN        CAMP I    French & Arabic

# EXHIBIT B

# BINGHAM McCUTCHEN

Susan Baker Manning
Direct Phone:  (202) 778-6172
Direct Fax:     (202) 778-6155
susan.manning@bingham.com
Our File No.:  0999997-0000928706

July 25, 2005

**VIA FACSIMILE**

Mr. Ibrahim Mamet
Istanbul, Turkey

**Re:    Acknowledgement of Representation**
**Edham Mamet, Detainee – Guantánamo Bay Naval Station**
**Ibrahim Mamet, Next Friend of Edham Mamet**

Dear Mr. Mamet:

I write to confirm that you have asked Sabin Willet and I to represent your brother,
Edham Mamet, in connection with his incarceration by the United States Government at
the Guantánamo Bay Naval Station, and that our law firm, Bingham McCutchen LLP, is
authorized to take all appropriate action related to the representation, including but not
limited to filing a *habeas corpus* petition seeking Edham's release.  On behalf of
Bingham McCutchen, Sabin and I have agreed to the representation.

Please acknowledge this agreed representation by signing and dating where indicated
below.  Please return the signed letter to me via facsimile to (202) 778-6155.

Sincerely yours,

Susan Baker Manning

ACKNOWLEDGED AND AGREED.          Dated: _____, 2005

Ibrahim Mamet

Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC
20036-3406

202.778.6150
202.778.6155 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

DCDOCS/627977.1

08/02/2005  19:01     0212-6591656          KISMET MUTFAK                          PAGE  01

مۇناسۋەتلىك ئىشلارنى بىجىرىشتە شۇنداقلا ئىستكۈر ئىدھەسىنىڭ قويۇپ بېرىلىشى ئۈچۈن سوتقا تەرز سۇنۇشقا قانۇنى جەھەتتىلەردىن تولۇق ھوقۇقلۇق ئىككىن ئىككەنلىكنى خەۋەر قىلىش ئۈچۈن يېزىۋاتىمەن .

ھەمدە Bingham McCutchen ھوقۇقچىلەر شىركىتى ۋەسىدىن سابىن (Sabin) ئىستكۈزھا سوت ئىشلىرىدا ۋاكالىتچى بولۇشنى قويۇل قىلغانلىقىنىمۇ بىلدۈرىمەن.

مەلۇمەت قىلىپ، تۆۋەندە كۆرسىتىلگەن بەرگە قول قويۇش ئارقىلىق، بىزنىڭ ۋاكالەتچىلىكىمىزنى قويۇل قىلغانلىقىنى ئىستىرىپايقىلىپ، بۇ خەتنى ئاكس قىلغانلىقنى ناراقلىق بىز گە ئەۋەتىپ بېرىلىش فاكس نومىرى 6155-788-202

ھۆرمەت بىلەن

سۇزان بېكەر مانىنىڭ

**Susan Baker Manning**

قويۇل ۋە تەسدىق قىلىندى

ئىمزاسى مەنسى _____

تارىخ ___.08.2005

Bingham McCutchen LLP
bingham.com

DCDOCS/627977.1



# BINGHAM McCUTCHEN

Bingham McCutchen LLP
Suite 800
1120 20th Street, NW
Washington, DC
20036-3406

202.778.6150
202.778.6155 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

سۇزان بىكمر مانلىق

بىۋاستە تېلېفونى : 202-778-6172

بىۋاستە فاكس: 202-778-6155

نى-مېيىل ئادرسىسى susan.maning@binghan.com

دەلو نومبرى : 0999997-0000928706

2005- يىلى 27-كۈنى

ھۆرمەتلىك شەراھىم مەمەت،

ئىستانبۇل- تۈركىيە

گۇۋانتانامو يى دېكمز ھەرىى بازسسدا تۇتۇپ تۇرسلۇۋاتقان ئەزەھم مەمەتنىڭ
ژاكالتەجلەكەن ئىشراپ قىلىش مەسىلىسى

ھۆرمەتلىك مەمەت تەپەندىم،

مەن بۇ خەتتن سىزگە . سىزنىڭ سابىن ۋنلى (Sabin Wllet) مۇقەددس ، تاميرىكا ھۇكزمىن
تەرپىدەن گۇۋانتانامو دېكمز ھەرىى بازسسدا تۇتۇپ تۇرۇۋاتقان ئىسكنز ئەزەھم مەمەتكە
ژاكالتەجى بولزشمىز ئوغرسسدىكى تەلىپبىكگنزنى تەسدىقلەش ھەسدە. سىزنىڭ ھوقوق
شرىكتەسمز ، Binghan McCutchen LLP نىڭ ئىسكنزىا ۋاكالتىجى ئۈچۈن يوللى يوللەن

# EXHIBIT C

I, USAMA HASAN ABU KABIR, UNDERSTAND THE TERM "NEXT FRIEND" AND KNOW THAT THE FOLLOWING PEOPLE WHO I KNOW FROM THIS PRISON WANT LAWYERS, AND WANT ME TO HELP ASSERT THEIR LEGAL RIGHTS IN ANY WAY POSSIBLE, AND I AUTHORIZE (FOR THEM) CLIVE STAFFORD SMITH TO ENSURE THAT THEY HAVE LEGAL REPRESENTATION.

1. ABDUL NASSER (TURKISTANI)          (E)
2. AKTAR          "
3. MOHAMMED          "
4. THABID          "
5. ABDULSOMAD          "
6. ALI          "
7. ABU BAKER          "
8. ABDUSABER          "
9. KHALID          "
10. AHMAD          "
11. JALAL JALALDIN          "
12. ABDURRAZAKH          "
13. AHMAD          "
14. SABEL          "
15. ABDULLAH          (COULD BE KAZAKHSTANI)
16. ABDURAHMAN          "
17. SADAR          "
18. ARKEEN          ? (BROTHER OF SVADAK)
19. ADEL          "
20. HAMMAD          (E) +/-

FOUO

2

| | | |
|---|---|---|
| 21 | ABDURAZZAK (KAZAKHSTAN) | |
| 22 | ABDULLAH AL QUATANY (K.S.A.) | ISN between 6 & 7 & Coven to 655 Abdullah. |
| 23 | JABIR AL QUATANY (") #650 | |
| 24 | ZABIN THAHA ASSAMMERY (KSA) | ISN between 647 & 655 |
| 25 | YAKUB (SYRIA) | Good (E) |
| 26 | JIHAD " | |
| 27 | BILAL " | |
| 28 | MOHAMMED " | (E) +/- |
| 29 | ABU AHMED " | Father of Mohammed |
| 30 | ABU RAWDA " | |
| 31 | ABDULLAH " | |
| 32 | ABU MOHAMMED (ALGERIA) #039 | V. Good (E) (F) |
| 33 | DR. ABU MOHAMMED " #040 | (E) (E) |
| 34 | ABU ABDULLAH " | |
| 35 | HAMAD (SUDAN) | (E) good |
| 36 | DATED MAY 1, 2005. | |

قائمة بأسماء الأخوة السجناء

USAMA ABU KABIR

WITNESS  CLIVE STAFFORD SMITH

**FOUO**